UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHNLANDER JACKSON-FORBES,

    Plaintiff,     :     Case No. 2:18-cv-1544

-vs-     JUDGE EDMUND A. SARGUS, JR.
    Magistrate Judge Elizabeth Preston Deavers

STATE OF OHIO INDUSTRIAL
COMMISSION, *et al.*,
    :
    Defendants.

## OPINION AND ORDER

This matter is before the Court upon Defendants' Ohio Industrial Commission, Thomas Bainbridge, and Rachael Black's Motion for Partial Judgment on the Pleadings (ECF No. 21), Plaintiff Johnlander Jackson-Forbes' Memorandum in Opposition (ECF No. 24), and Defendants' Reply (ECF No. 26). For the reasons that follow, the Court **GRANTS** Defendants' Motion.

### I. FACTUAL ALLEGATIONS

Plaintiff Johnlander Jackson-Forbes was hired by Defendant Ohio Industrial Commission ("OIC") as Cincinnati Regional Manager on August 18, 2008. (Compl., ¶ 1, ECF No. 1). In November 2011, Plaintiff was selected to the position of Manager of Legal Services in the Columbus office, which oversaw litigation management, commission level hearings, and the legal research units. (*Id.* ¶ 15). As a result, Plaintiff became the supervisor of Defendant Rachael Black, a supervisor of legal research, who had also been an applicant for the Manager of Legal Services position. (*Id.* ¶ 18). According to Plaintiff, Defendant Black was openly hostile toward her and did not acknowledge her as a superior. (*Id.* ¶ 20).

1

In February 2013, Defendant Black was appointed as Deputy Chief Legal Counsel. (*Id.* ¶ 24). According to Plaintiff, Defendant Black interfered with Plaintiff's responsibilities and usurped her duties. (*Id.* ¶ 29). Plaintiff allegedly complained about Defendant Black's behavior toward her to OIC management but no action was taken. (*Id.* ¶ 31). That following October, Defendant OIC Chairman Thomas Bainbridge promoted Defendant Black to Chief Legal Counsel. (*Id.* ¶¶ 34–35). Thereafter, Defendant Black allegedly reassigned supervision of the legal research units from Plaintiff to herself. (*Id.* ¶ 35). Plaintiff also alleges that Defendant Black engaged in unwarranted criticism of Plaintiff's work and lodged false accusations against her. (*Id.* ¶¶ 37, 41). Plaintiff contends that she was the only African-American employee under Defendant Black's supervision and was treated different by Defendant Black than her white colleagues. (*Id.* ¶¶ 36, 38).

Due to an internal reorganization, in July 2014 Defendant Black became directly responsible for managing OIC's litigation unit, a responsibility that previously belonged to Plaintiff. (*Id.* ¶ 42, Answer, ¶ 42, ECF No. 8). Thereafter, Plaintiff alleges she was assigned demeaning and menial tasks, not designated to any other supervisors. (Compl., ¶¶ 44–45). Plaintiff allegedly met with Defendant Bainbridge to discuss her concerns about Defendant Black's treatment of her and Defendant Bainbridge stated that he would reassign Plaintiff to another supervisor (*Id.* ¶ 47). However, Plaintiff alleges that never occurred. (*Id.* ¶ 53). Instead, Defendant Black performed Plaintiff's annual performance review, which Plaintiff alleges included "false statements and derogatory comments regarding Plaintiff's job performance . . . based on goals and criteria that Defendant Black had not previously shared with Plaintiff." (*Id.* ¶¶ 48–49).

In August 2014, Plaintiff filed an appeal with the State Personnel Board of Review

alleging reduction in duties. (*Id.* ¶ 54). That same month, Plaintiff also filed discrimination complaints with the Ohio Department of Administrative Services ("DAS"), the Ohio Civil Rights Commission, and the United States Equal Employment Opportunity Commission. (*Id.* ¶ 55). Findings of no probable cause were made by both DAS and the Ohio Civil Rights Commission (*Id.* ¶ 56). Plaintiff ultimately withdrew her appeal with the State Personnel Board. (*Id.*).

On May 15, 2015, Plaintiff became the subject of an internal investigation stemming from allegations made by the Ohio Attorney General's Office, which resulted in charges brought against Plaintiff. (*Id.* ¶¶ 60–61). Consequently, OIC Human Resources Director Peter Renner found discipline was warranted against Plaintiff for violations of OIC policy. (*Id.* ¶ 61). On October 2, 2015, Mr. Renner and OIC Executive Director Tim Adams presented a "Last Chance Agreement" to Plaintiff, signed by Defendant Bainbridge. (*Id.* ¶ 62). According to Plaintiff, the "Last Chance Agreement" required Plaintiff to waive her administrative remedies for any future discrimination claims against OIC. (*Id.* ¶ 63). Plaintiff did not sign the agreement and was subsequently terminated. (*Id.* ¶ 66).

On November 28, 2018, Plaintiff filed a Complaint against OIC, Thomas Bainbridge, in his official and individual capacity, and Rachael Black, in her official and individual capacity, alleging race discrimination and retaliation in violation of Ohio Revised Code Chapter 4112 and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* (ECF No. 1). Defendants filed a joint Answer on January 17, 2019. (ECF No. 8).

On May 24, 2019, Defendants filed a Motion for Partial Judgment on the Pleadings. (ECF No. 21). Defendants request this Court enter judgment in their favor on Plaintiff's state law claims. Defendants Black and Bainbridge also request judgment in their favor on Plaintiff's Title VII claims. Plaintiff filed her Memorandum in Opposition on June 28. (ECF No. 24). Defendants

filed a Reply brief on July 12. (ECF No. 26). Defendants' Motion is now ripe for review.

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is analyzed in the same manner as a motion to dismiss under Rule 12(b)(6). *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008). All allegations in the plaintiff's complaint are construed in the light most favorable to her, with all allegations accepted as true and all reasonable inferences drawn in the plaintiff's favor. *Bullington v. Bedford Cty.*, 905 F.3d 467, 469 (6th Cir. 2018). "To overcome a defendant's motion, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Bullington*, 905 F.3d at 469 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The motion should be granted when there is no material issue of fact and the moving party is entitled to judgment as a matter of law. *Tucker*, 539 F.3d at 549.

## III. ANALYSIS

### A. State Law Claims – OIC

OIC argues that because it is an arm of the state, Plaintiff's state law claims are barred by sovereign immunity. Plaintiff responds that because Plaintiff's federal claims are not barred by Eleventh Amendment immunity, the Court's supplemental jurisdiction applies to bring Plaintiff's state law claims under the same constitutional umbrella, shielding them from immunity.

Two different legal constructs are at play here. Subject matter jurisdiction refers to "the court's authority to hear a given type of case[;] it represents the extent to which a court can rule on the conduct of persons or the status of things." *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (internal quotations and citations omitted). Under 28 U.S.C. § 1367, "federal courts may exercise supplemental jurisdiction over state-law claims linked to a claim

4

based on federal law." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). Immunity, on other hand, is an exemption from liability. *Black's Law Dictionary* 867 (10th ed. 2009). Thus, whether this Court has supplemental jurisdiction over Plaintiff's state law claims—which no one contests at this point. The issue here is whether Plaintiff's state law claims against OIC are barred by sovereign immunity.

Absent an unequivocally express waiver, states are entitled to sovereign immunity in federal courts under the Eleventh Amendment of the United States Constitution. *Sossamon v. Texas*, 563 U.S. 277, 284 (2011) ("Federal jurisdiction over suits against unconsenting States was not contemplated by the Constitution when establishing the judicial power of the United States." (internal quotations omitted)); *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 571 (6th Cir. 2000). OIC is entitled to sovereign immunity as an arm of the State of Ohio. *Longstreet v. State of Ohio, Indus. Com'n*, No. 1:05CV1749, 2005 WL 3298883, at * 2 (N.D. Ohio Dec. 5, 2005). And the State of Ohio has consented to suit only in the Ohio Court of Claims. Ohio Rev. Code § 2743.

Accordingly, Defendants' Motion is **GRANTED** as to Plaintiff's state law claims against OIC.

### B. State Law Claims – Black and Bainbridge

Defendants Black and Bainbridge argue that Plaintiff's state claims against them in their official capacities are barred by sovereign immunity. They also contend that Plaintiff has failed to establish that she can sue either under state law in their individual capacities.

As Defendants note in their brief,

> The Supreme Court has squarely held that pendent state law claims against state officials in their official capacity are barred by the Eleventh Amendment. . . . The federal courts are simply not open to such state law challenges to official state action, absent explicit state waiver of the federal court immunity found in the

5

Eleventh Amendment.

*Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 520–21 (6th Cir. 2007). Ohio Revised Code §§ 9.86 and 27493.02(F) also confers immunity on state officers and employees in their individual capacities "unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton reckless manner." *McCormick v. Miami Univ.*, 693 F.3d 654, 664 (6th Cir. 2012). Moreover,

> "[a] civil action against an officer or employee . . . that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the [Ohio] Revised Code."

*McCormick*, 693 F.3d at 664–65 (quoting Ohio Rev. Code § 2743.02(F)).

> "Ohio law requires that, as a condition precedent to asserting a cause of action against a state employee in his individual capacity, the Court of Claims must first determine that the employee is not entitled to the immunity provided for in Revised Code section 9.86. Prior to that condition being satisfied, then, there is no claim under Ohio law upon which relief may be granted against state employees in their individual capacities."

*Id.* at 665 (quoting *Haynes v. Marshall*, 887 F.2d 700 (6th Cir. 1989).

Plaintiff's state law claims against Defendants Black and Bainbridge in their official capacities are barred by sovereign immunity. Because Plaintiff fails to allege that the Ohio Court of Claims has determined that Defendants are not entitled to immunity, this Court lacks jurisdiction to hear the state law claims against Defendants in their individual capacities. *Id.*

Accordingly, Defendants' Motion is **GRANTED** as to Plaintiff's state law claims against Defendants Black and Bainbridge.

### C. Title VII Claims – Black and Bainbridge

Defendants Black and Bainbridge argue that Plaintiff's Title VII claims against them fail because they were not "employers" under the relevant definition.

As alleged in the Complaint, Defendants Black and Bainbridge were both supervisors of Plaintiff at different levels of the OIC management chain. "'An individual employee/supervisor, who does not otherwise qualify as an 'employer' may not be held personally liable under Title VII.'" *Roller v. Brennan*, No. 2:17-cv-241, 2018 WL 4405834, at *8 (S.D. Ohio 2018) (quoting *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) ("[W]e find that [Title VII] as a whole, the legislative history and the case law support the conclusion that Congress did not intend individuals to face liability under the definition of 'employer' it selected for Title VII."). Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . ." 42 U.S.C. § 2000e(b). Because they do not meet the definition of "employer," Defendants Black and Bainbridge cannot be held liable for Plaintiff's Title VII claims. *See Harper v. City of Cleveland*, 781 Fed. Appx. 389, 393 (6th Cir. 2019) ("Title VII does not impose liability on supervisory personnel.").

Accordingly, Defendants' Motion is **GRANTED** as to Plaintiff's federal claims against Defendants Black and Bainbridge.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion. (ECF No. 21). The Clerk is **DIRECTED** to **TERMINATE** Defendants Thomas Bainbridge and Rachael Black from this action.

**IT IS SO ORDERED.**

1-28-2020

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**